**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VIKTORIA IANKOVA TRANTCHEVA; MIRTCHO MIHAYLOV TRANTCHEV, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 09-72064 <br><br> Agency Nos.    A075-250-456 <br>                   A075-250-457 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2013
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Viktoria Iankova Trantcheva and her husband, Mirtcho Mihaylov Trantchev

(collectively "Petitioners"), natives and citizens of Bulgaria, seek review of a final

order of the Board of Immigration Appeals ("the Board") holding them removable and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

ineligible for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

Petitioners correctly contend their case is governed by our pre-REAL ID Act decision in *Borja v. INS*, 175 F.3d 732, 736-37 (9th Cir. 1999) (en banc), *superseded by statute as stated in Parussimova v. Mukasey*, 555 F.3d 734, 739-40 (9th Cir. 2009). *Borja* recognizes persecutors often have "mixed motives" for their actions and permits applicants to establish eligibility for asylum so long as they can show their persecution "was motivated, at least in part, by an actual or implied protected ground" enumerated in the statutory definition, 8 U.S.C. § 1101(a)(42)(A) (2012). *Id.* at 736 (quoting *Matter of T-M-B-*, 21 I. & N. Dec. 775, 777 (BIA 1997)); *see also Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000) (persecution victims no "less deserving of asylum" when persecutor's motives are mixed).[1]

Against this backdrop, Petitioners challenge the Board's factual determination that their treatment at the hands of the SIC was not motivated in any way—not even in part—by an actual or implied protected ground. We can disturb the Board's factual findings only if the evidence "compel[s] a different conclusion from the one reached

---

[1] In *Borja*, we overruled the Board's factual determination in *Matter of T-M-B-* while sustaining the legal test the Board articulated in that case. Put another way, the Board correctly stated the law in *T-M-B-*, but failed to correctly apply the law to the facts of that case. *See Borja*, 175 F.3d at 735-36.

by the BIA." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n.1 (1992)). Petitioners cannot reach such a demanding standard, as their own oral testimony points to their mistreatment at the hands of the SIC as motivated *solely* by non-political considerations. Nor do Petitioners' numerous documentary submissions compel reversal of the Board's factual determination. On the record developed below, we are not inclined to disturb the Board's factual determination. *Cf. Kozulin v. INS*, 218 F.3d 1112 (9th Cir. 2000) (substantial evidence supports denial of mixed motive claim where no evidence of a political motive presented).

Petitioners also contend the Board erred in affirming the Immigration Judge's ("IJ") decision to give no weight to the documentary evidence Petitioners submitted in reopened proceedings. "We review an IJ's decision to exclude a document from evidence for lack of authentication for an abuse of discretion." *Vatyan v. Mukasey*, 508 F.3d 1179, 1182 (9th Cir. 2007). Our circuit permits litigants in immigration court to authenticate documents—even documents originating abroad—under the procedures described in Federal Rule of Civil Procedure 44(a), Federal Rule of Evidence 901, 8 C.F.R. § 287.6, or through "any recognized procedure for authentication of documents in general." *Vatyan*, 508 F.3d at 1183; *Iran v. INS*, 656 F.2d 469, 472 n.8 (9th Cir. 1981).

Here, the IJ afforded Petitioners an opportunity to authenticate their evidentiary submissions through their own oral testimony. The government introduced strong rebuttal evidence calling into question the reliability of Petitioners' evidence. On these facts, the IJ did not abuse her discretion in finding Petitioners had failed to authenticate these documents and the Board did not commit clear error in affirming the IJ's factual findings.

Having failed to establish eligibility for asylum, Petitioners' claim for withholding of removal necessarily fails. *Pedro-Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir. 2000).

**PETITION DENIED**.